ROBERT S. BREWER, JR.
United States Attorney
ERNEST CORDERO, JR
Assistant U. S. Attorney
California Bar No. 131865
E-mail: ernest.cordero@usdoj.gov
MICHAEL A. GARABED
Assistant U.S. Attorney
California Bar No. 223511
E-mail: michael.garabed@usdoj.gov
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7478/7703
Facsimile: (619) 546-7751

Attorneys for Federal Defendants

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAJI DOUSA,<br><br>           Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"); U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"); U.S. CUSTOMS AND BORDER PROTECTION ("CBP"); KEVIN K. MCALEENAN, Acting Secretary of DHS; MATTHEW T. ALBENCE, Acting Director of ICE; MARK A. MORGAN, Acting Commissioner of CBP; and PETER FLORES, Director of Field Operations for CBP, San Diego,<br><br>           Defendants. | Case No.:  19-cv-1255-LAB (KSC)<br><br>**MOTION FOR ORDER SEALING ECF NOS. 55-13, 59-1, AND 60-2 AND ACCEPTING SUBSTITUTE COPIES FOR FILING** |

## **MOTION**

U.S. Customs and Border Protection ("CBP") respectfully moves the Court to seal three exhibits the parties filed on the ECF system in connection with Plaintiff's motion for

1

a preliminary injunction. The three exhibits, which contain overlapping documents, were filed as ECF Nos. 55-13, 59-1 and 60-2. CBP further moves the Court to replace them with substitute copies that add an additional limited number of redactions. Those redactions would eliminate from public view certain law enforcement sensitive codes in CBP's Field Information Reports. They also would remove from public view personal information of non-party witnesses. Copies of the proposed substitute exhibits are attached to this motion.

Good cause exists to grant CBP's request because the redactions are narrowly tailored to protect confidential law enforcement sensitive information, and personal information of non-parties from public disclosure, while preserving the public's right to access court records. CBP's motion is supported by the memorandum of points and authorities below, the Declaration of San Diego Sector Chief Patrol Agent Aaron Heitke, the Declaration of Ernest Cordero, Jr., and the exhibits submitted with this motion.

Plaintiff does not oppose the requested relief. (Declaration of Ernest Cordero, Jr. ("Cordero Decl."), ¶ 7.)

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.**

### **PROCEDURAL HISTORY RELATED TO DOCUMENTS**

On October 3, 2019, Magistrate Judge Crawford ordered CBP and the other Federal Defendants to produce early, limited discovery to Plaintiff. (ECF No. 42, p. 17.) She also ordered the Federal Defendants to submit for *in camera* review any documents the Federal Defendants objected to disclosing to Plaintiff on the basis of a privilege. (*Id*.) In response, the Federal Defendants submitted the requested documents to the Court and provided Plaintiff with redacted copies omitting confidential information the Federal Defendants objected to disclosing to Plaintiff. Among the documents were those marked CBP-00001 through CBP-00044. (Cordero Decl., ¶ 1.)

On November 22, 2019, Magistrate Judge Crawford denied the Federal Defendants' request to withhold from Plaintiff, on the basis of the law enforcement privilege, most of

the information redacted from the documents marked CBP-00001 through CBP-00044 that were produced to Plaintiff. (ECF No. 49, p. 8.) Instead, she ordered the Federal Defendants to produce the redacted portions, which consisted primarily of information in CBP's Field Information Reports, subject to a protective order treating the information as "confidential for counsel's eyes only." (*Id*.) Magistrate Judge Crawford further ordered that CBP's internal file identification codes, as well as emails and telephone numbers of agents, could remain redacted even on the documents marked "confidential for counsel's eyes only." (*Id*.)

Consistent with this ruling, on December 4, 2019, Magistrate Judge Crawford signed a protective order. (ECF No. 51.) Clause 12 of the order provides in pertinent part:

> 12. Before any materials produced in discovery … or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material, must seek permission of the Court to file the material under seal.

(ECF No. 51, Clause 12, p. 6 (in pertinent part).)

Pursuant to Magistrate Judge Crawford's order signed on October 3, 2019, CBP produced to Plaintiff another set of documents marked CBP-00001 through CBP-00044, which included the Field Information Reports. This set was marked "confidential – for counsel's eyes only," and did not have the redactions Magistrate Judge Crawford ordered removed, but contained redactions to the limited material Magistrate Judge Crawford determined could remain redacted. It was CBP's understanding that, pursuant to Clause 12 of the Protective Order, Plaintiff was required to request the Court to file under seal those pages marked confidential when used to support a filing on the ECF system.

Although Magistrate Judge Crawford already had ruled on what information in the documents could be withheld from Plaintiff's counsel, her ruling did not preclude the Federal Defendants from seeking to protect confidential, law enforcement sensitive and privileged documents from disclosure to the general public through the ECF system. In fact, whether or not a court should permit the filing of a document under seal is governed by

standards unrelated to those applied by Magistrate Judge Crawford when resolving the parties' discovery dispute. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (discussing the showing needed to justify the filing of a document under seal).

On December 20, 2019, in support of their motion for a preliminary injunction, Plaintiff filed the documents marked CBP-00001 through CBP-00044. (See ECF No. 55-13.) This version did not have the markings "confidential – for counsel's eyes only" that appears on certain pages of the documents produced by the Federal Defendants after entry of the Protective Order. What Plaintiff filed in the ECF system was an earlier redacted version of the documents produced to Plaintiff at the time of Magistrate Judge Crawford's *in camera* review before entry of the Protective Order. (Cordero Decl., ¶ 3.)

After learning of the disclosure, counsel for the Federal Defendants raised a concern that the filing violated the Protective Order. Plaintiff's counsel took the position that because the Federal Defendants had produced the documents with other redactions, before the entry of the Protective Order, without marking the documents as "confidential," and while simultaneously withholding other materials Federal Defendants represented they would agree to produce only subject to a protective order, Plaintiff could file them without moving to place them under seal. As stated in the emails exchanged:

> On Wed, Jan 8, 2020 at 1:45 PM Cordero, Ernest (USACAS) <Ernest.Cordero@usdoj.gov> wrote:
>
> Genevieve,
>
> I've noticed that some of the documents the government produced with the designation "Attorney's Eyes Only" were attached as exhibits to your response/reply filed in December. For example, pages CBP-00007-00008 and CBP-00013-00022 had the designation when produced but still were filed through the ECF system. Please let us know the rationale for not filing those documents under seal per the protective order. Thanks.

4

> From Genevieve Nadeau
> <genevieve.nadeau@protectdemocracy.org>
> Sent: Wednesday, January 08, 2020 12:02 PM
>
> Ernie,
>
> The government documents that we filed with our brief are the initial redacted versions that you produced to us on November 1st (before we litigated over the redactions and entered into a protective order). If you see a document that does not fit into that category, please let us know as soon as possible and we'll of course fix it right away -- but that shouldn't be the case.
>
> Thank you,
> Genevieve

(See Cordero Decl., ¶4.)

Although disagreeing with Plaintiff's position, the Federal Defendants took no action at that time because Plaintiff's ECF filing already had disclosed the documents to the public. Since the disclosure had been made, and the Federal Defendants intended to use the same documents to oppose Plaintiff's motion, they filed most of the same documents with their brief on January 10, 2020. (Cordero Decl., ¶ 5; ECF No. 59-1.) On January 24, 2020, Plaintiff filed a motion to seal the previously filed documents and accept substitute copies of the same documents with additional redactions of personal identifying information. (ECF No. 60-2.) The Court granted that motion on February 4, 2020. (ECF No. 62.)

### III.
### RELIEF REQUESTED

There is a presumption favoring the right of public access to court records. *Foltz*, 331 F.3d at 1135. Consistent with that presumption, a court may seal records if it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In conducting this analysis, the court must "conscientiously balance[] the

5

competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (quoting *Foltz*, 331 F.3d at 1135).

Here, because the disclosure occurred in December 2019, CBP acknowledges that its interest in maintaining the confidentiality of the investigative information in the documents has been compromised. However, in reviewing the documents, CBP has become aware of its inadvertent disclosure of certain confidential and law enforcement sensitive codes used in its Field Operation Reports. Those codes now are available for viewing on the ECF system. The confidentiality of the unredacted codes is very important to the security and effectiveness of CBP's operations for the reasons set forth in the Declaration of San Diego Sector Chief Patrol Agent ("CPA") Aaron Heitke, ¶¶ 1-7. Recognizing CBP's interest in the confidentiality of the codes, Magistrate Judge Crawford already has ruled that CBP does not have to disclose similar codes in the reports. (ECF No. 49, p. 8.) Therefore, CBP requests that the following pages with CBP's codes be sealed, and that redacted versions of the documents lodged with this motion, be substituted in their place: **Pages 6, 12, 28, and 29 of ECF No. 55-13; pages 5, 14, and 15 of ECF No. 59-1; and pages 6, 12, 28 and 29 of ECF No. 60-2.**

Personal information about non-party witnesses also has been disclosed in some of the documents. To address this issue, CBP requests that the personal biographical information of three non-party individuals appearing at pages **24, 25, and 26 of ECF No. 55-13; and pages 24, 25 and 26 of ECF No. 60-2** be sealed, and that redacted versions of the documents lodged with the Court be substituted in their place.

Here, the balancing of interests weighs in favor of redacting portions of the documents, especially the Field Investigative Reports, located at ECF Nos. 55-13, 59-1 and 60-2. As set forth in the declaration of CPA Heitke, the redactions are important to protect CBP's investigative techniques and confidential, sensitive law enforcement information. (See CPA Heitke Decl.¶¶ 1-7.) Recognizing the public's right to access, the redactions are narrowly tailored, leaving most of the documents available for public viewing.

## IV.

## **CONCLUSION**

For the foregoing reasons, CBP respectfully requests that the Court seal the exhibits currently found at ECF Nos. 55-13, 59-1 and 60-2, and replace them with substitute copies that add the limited redactions described in this motion. Although the additional redactions appear on only some of the pages, it would be simpler and just as effective to replace the entire three exhibits. The proposed substitute exhibits have been filed as attachments to this motion.

DATED:    June 15, 2020                           Respectfully submitted,

                                                  ROBERT S. BREWER, JR.
                                                  United States Attorney

                                                  *s/ Ernest Cordero, Jr.*
                                                  ERNEST CORDERO, JR.
                                                  Assistant United States Attorney
                                                  MICHAEL A. GARABED
                                                  Assistant United States Attorney