# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAJI DOUSA,<br><br>                           Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>                        Defendants. | CASE NO. 19cv1255-LAB (KSC)<br><br>**ORDER RE: FURTHER BRIEFING ON MOTION TO SEAL [Dkt. 74]** |

Defendant U.S. Customs and Border Protection ("**CBP**") filed an unopposed motion to seal certain documents already in the docket, replacing them with more extensively redacted versions. Dkt. 74. Even in the absence of party opposition, the Court cannot grant a motion to seal without independently weighing the movant's interest against the public's interest in access to court documents. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016). To assist the Court in assessing these interests in relation to the redactions in question, the Court orders further briefing to answer the questions below.

CBP's motion relates to documents filed on December 20, 2019. CBP did not file its motion until the documents had sat on the public docket for nearly seven months. In the interim, at least one news organization appears to have downloaded a copy of those documents and republished portions of them. *See* https://www.nbcsandiego.com/news/investigations/u-s-border-agents-suspected-pastor-performed-sham-marriages-

for-migrant-caravan-members/2240500/. These documents have long been exposed to the public in connection with a case that has received substantial media attention. How strong can CBP's interest in secrecy be when the documents are no longer secret? And would sealing them merely draw greater attention to document copies already out of the Court's and the parties' control?

Next, the Court notes that the documents bear the designation "UNCLASSIFIED//FOUO/LES." Does this designation exempt the documents from disclosure under the Freedom of Information Act?

Lastly, CBP asks that the Court redact pages 6 and 29 of Dkt. 55-13 and Dkt. 60-2 in their entirety. The information on these pages appears to the Court to be generic or easily inferred from the subject matter of this litigation. The Associated Workspace number that the Heitke Declaration identifies as sensitive are already redacted from page 6. Dkt. No. 74-1. And anyone reading the parties' pleadings can guess the reasons— identified in the "Category/Subcategory" field on pages 6 and 29—that the documents state for CBP's interest in the content of the associated Field Encounter Reports. Does CBP have a specific interest in protecting other sensitive information on these pages?

The Court orders CBP to address these questions in a brief no longer than ten (10) pages within fourteen (14) days of this Order. Other interested parties may submit similar briefs by the same deadline.

Dated: June 29, 2020

_____
**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge