# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KAJI DOUSA, | CASE NO. 19cv1255-LAB (KSC) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO SEAL [Dkt. 74]** |
| vs. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendants. | |

"Access to public proceedings and records is an indispensable predicate to free expression about the workings of government." *Courthouse News Svc. v. Planet*, 750 F.3d 776, 785 (9th Cir. 2014). The public's interest in access is so weighty that the Court previously found that Plaintiff Kaji Dousa's competing interest in protecting her social security number and birthdate outweighed the public interest "only slightly." Dkt. 62 at 2. U.S. Customs and Border Protection asks the Court to find the public interest again outweighed, this time by CBP's interest in the secrecy of its sensitive law enforcement information. But the information CBP wants to seal has been on the docket since the turn of the year. It's not secret anymore. CBP's interest in a vain attempt to reclaim lost secrecy isn't compelling enough to overcome the strong First Amendment interests in maintaining public access to the information. The Court **DENIES** CBP's Motion to Seal. Dkt. 74.

**Background**

The Court granted Dousa's earlier Motion to Seal. Dkt. 62. In doing so, it required Dousa to show a "compelling reason" that would outweigh the public's interest in access. *Id.* at 2. Balancing the public's interest in the specific information to be sealed—Dousa's social security number and birthdate—against Dousa's interest in secrecy, the Court found the scales tipped in Dousa's favor "only slightly" because there was "no legitimate public interest" in that information. *Id.*

CBP now asks to redact "confidential and law enforcement sensitive codes used in [CBP's] Field Operation Reports." Dkt. 74 at 6. CBP also asks the Court to seal the name, gender, race, and citizenship of three non-party individuals (although all that information save one name appears in unredacted form in the proposed replacement documents). *See* Dkt. 74 at 6; Dkt. 74-3 at 17, 25-26, 77-79. The documents containing that information were first filed on December 20, 2019 and January 10, 2020 as part of briefing on a motion to dismiss and a motion for preliminary injunction. One document was re-filed on January 24, 2020 in connection with Dousa's Motion to Seal a Previously Filed Document. Dkt. 55-13, 59-1, 60-2. CBP filed its Motion on June 15, 2020.

**CBP Must Present "Compelling Reasons" to Seal**

Because the public has an interest in the outcome of a motion to seal, a court can't seal documents without independently weighing the movant's interest against the public's interest in access to court documents, even where no party opposes the motion. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (court may not seal judicial records without "bas[ing] its decision on a compelling reason and articulat[ing] the factual basis for its ruling"). The public's interest has deep roots, sprouting from the First Amendment to the United States Constitution. "The right of access is an essential part of the First Amendment's purpose to ensure that the individual citizen can effectively participate in and

contribute to our republican system of self-government." *Courthouse News Svc.*, 750 F.3d at 785 (internal marks and citation omitted). Because this common law right is intended to promote public understanding of the judicial process and the bases for a court's decision, the public's interest is stronger where the information is part of briefing on a motion "more than tangentially related to the underlying cause of action." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099, 1102 (9th Cir. 2016). The briefing in question—on a motion for preliminary injunction and a motion to dismiss—meets this description. Dkt. 55, 59; *see also* Dkt. 62 at 2.[1]

But just as clear as the public's right to access is parties' need for a forum in which they can litigate matters involving private information. *See generally* Fed. R. Civ. P. 5.2. In the case of a motion more than tangentially related to the underlying cause of action, the Ninth Circuit balances these considerations by permitted sealing orders only where the information is "traditionally kept secret" or where there are "compelling reasons" that outweigh the public's interest. *Kamakana*, 447 F.3d at 1178-79. Courts have discretion to determine what constitutes a "compelling reason," so long as that reason is "supported by specific factual findings" and doesn't rely on conjecture. *Center for Auto Safety*, 809 F.3d at 1097; *Kamakana*, 447 F.3d at 1178-79;

Information "traditionally kept secret" is an exclusive club. Only categories of information with "*neither* a history of access *nor* an important public need justifying access" are allowed in. *Kamakana*, 447 F.3d at 1184-85 (emphasis in original). The doorkeeper applies this standard so strictly that the Ninth Circuit Court of Appeals has recognized only three members: grand jury transcripts, warrant materials during the pre-indictment phase of an investigation, and attorney-client privileged materials. *Id.*

---

[1] Dkt. 60-2 is identical to the publicly available version of Dkt. 55-13. Sealing portions of one and not the other would be futile, so CBP can't meet the "good cause" standard applicable to the former without meeting the "compelling reasons" standard applicable to the latter. *See Center for Auto Safety*, 809 F.3d at 1097-99.

at 1185 (grand jury transcripts and warrant materials); *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012) (attorney-client privileged materials). Neither the personal information nor the "law enforcement sensitive" information CBP wants to redact fits any of these three categories. *See Kamakana*, 447 F.3d at 1184-85 (declining to treat law enforcement documents, generally, as "traditionally kept secret").

Since CBP isn't asking the Court to seal information "traditionally kept secret," it must articulate compelling reasons supported by specific factual findings that outweigh the public's right to access. *Id.* at 1178-79.

**The Hope of Reclaiming Lost Secrecy Isn't a Compelling Reason to Seal**

CBP maintains that "[c]ontinued public disclosure of [its sensitive law enforcement material] would provide hostile actors with detailed insight into [CBP's] capabilities" and "could provide an additional method of unauthorized access to" CBP's intelligence reporting system. *Id.* CBP argues that its "Associated Workspace" numbers, along with other law enforcement sensitive information regarding the development of its Field Information Reports, reveal "techniques and methods [of information collection], including intelligence-collection goals and priorities and the particular geographic and operational areas of focus." Dkt. 74-1 ¶ 7. The information also "reveals CBP's assessment of the reliability of the information" contained in the Field Information Reports at issue, as well as "source descriptions, information about related CBP alerts and lookouts, and the virtual categorization of the Field Information Report." *Id.* As for the redaction of non-parties' personal information, CBP contends that the name, gender, race, and citizenship information it intended to redact are "sufficient information to harass or endanger" those non-parties. *Id.* ¶ 8.

The Court must conscientiously balance these concerns against the public's interest. *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Performing the same analysis with respect to Dousa's social security number and birthdate, the Court found a compelling reason to

seal because the public didn't have a legitimate interest in that information and there is no historic right of access to social security numbers. Dkt. 62 at 2.

But the information here is different. The incompletely redacted personal information—comprised of names, gender, race, and citizenship—isn't as sensitive as social security numbers or even birthdates. And the public *does* have a legitimate interest in accessing the law enforcement sensitive information at issue.

That interest applies more forcefully to information more closely connected to the underlying claims in a case. *See Center for Auto Safety*, 809 F.3d at 1102 (greater public interest in motions "more than tangentially related" to merits). Dousa claims that CBP had an improper motive for surveilling her and its contrary justifications are mere pretext. Dkt. 1 ¶¶ 72-74, 120-125. As a result, the public has a legitimate interest in information that reveals CBP's intelligence-collection goals—CBP's internally-stated motives for surveillance. The public has an interest, too, in information that could support or undermine the claim that CBP's surveillance was pretextual—information like CBP's internal assessment of whether it could rely on its information about Dousa's activities.[2]

CBP's countervailing interest in sealing nevertheless might have outweighed the public interest had CBP promptly raised the issue. But by the time of the Motion, CBP's interest had lost its potency. The unredacted information was publicly accessible for five months before CBP's motion, and in that time at least one news organization drew the public's attention to the documents. *See* Mari Payton, Tom Jones, and Bill Feather, Documents Reveal Border Agents Targeted U.S. Pastor Over Caravan Marriage Ceremonies, (Jan. 7, 2020), https://www.nbcsandiego.com/news/investigations/u-s-border-agents-suspected-pastor-performed-sham-marriages-

---

[2] The Court makes no finding that the information in question makes Dousa's claim any more or less likely to succeed, only that it has more than a tangential relation to Dousa's claim.

for-migrant-caravan-members/2240500/ (last accessed Aug. 14, 2020). Removing the information from the docket now certainly "would prevent *additional* individuals . . . from accessing the information *through the Court's docket*." Dkt. 76-1 ¶ 5 (emphasis added). But this doubly qualified statement highlights the practical limitations of the Court's power. The Court can neither take the information away from individuals who have already accessed it nor prevent them from distributing it to others. CBP's need for such a questionably effective order isn't compelling enough to overcome the public's legitimate interest in maintaining access.

CBP asks the Court to close the stable door to keep an invisible horse from bolting. But that stable door sat open for five months before CBP asked the Court to secure it. Neither the Court nor CBP know whether the horse is gone, but the possibility that it's still be there can't outweigh public's interest in open doors. CBP's motion to seal is **DENIED**.

Dated: August 17, 2020

*Larry A. Burns*

Hon. Larry Alan Burns
Chief United States District Judge