| | |
|---|---|
| Oscar Ramallo (Bar No. 241487) | Robert S. Brewer, Jr. |
| Oscar.Ramallo@arnoldporter.com | United States Attorney |
| ARNOLD & PORTER KAYE SCHOLER LLP | Ernest Cordero, Jr. (Bar No. 131865) |
| 777 South Figueroa Street, 44th Floor | Assistant U.S. Attorney |
| Los Angeles, CA 90017 | ernest.cordero@usdoj.gov |
| Telephone: (213) 243-4000 | Michael A. Garabed (Bar No. 223511) |
| Facsimile: (213) 243-4199 | Assistant U.S. Attorney |
| | michael.garabed@usdoj.gov |
| *Attorney for Plaintiff* | UNITED STATES ATTORNEY'S OFFICE |
| *Kaji Dousa* | 880 Front Street, Room 6293 |
| | San Diego, CA 92101-8893 |
| [Additional counsel listed on signature page.] | Telephone: (619) 546-7478/7703 |
| | Facsimile: (619) 546-7751 |
| | |
| | *Attorneys for Federal Defendants* |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAJI DOUSA, | Case No. 19-cv-01255 (LAB) |
| Plaintiff, | **JOINT STATUS REPORT** |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"); U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"); U.S. CUSTOMS AND BORDER PROTECTION ("CBP"); KEVIN K. MCALEENAN, Acting Secretary of DHS; MATTHEW T. ALBENCE, Acting Director of ICE; MARK A. MORGAN, Acting Commissioner of CBP; AND PETER FLORES, Director of Field Operations for CBP, San Diego, | |
| Defendants. | |

As directed by the Court at the October 2, 2020 discovery conference, the parties hereby submit a Joint Status Report regarding the status of discovery and the extension of the deadlines in this case.

## JOINT STATEMENT ON AGREED-UPON ISSUES

1. **Monthly Status Reports:** Defendants agree to file monthly status reports with the Court on the last business day of each month until all non-privileged documents responsive to Plaintiff's discovery requests have been produced. Each report must narratively describe the progress Defendants have made in their production. Each report must also provide statistics on the number of documents Defendants have reviewed and produced over the course of the preceding month, as well as the number of documents remaining to be reviewed.

2. **Metadata:** The parties agree that Defendants will produce all documents with the metadata required by the Joint Discovery Plan.

## PLAINTIFF KAJI DOUSA'S POSITION ON REMAINING ISSUES

1. **Custodians:** Defendants have identified a total of 84 individuals as appropriate custodians in this case. On July 7, 2020, Defendants identified 24 custodians from U.S. Customs and Border Protection and 27 custodians from U.S. Immigration and Customs Enforcement. Yesterday, on October 6, 2020, Defendants identified another 33 individual custodians from the U.S. Department of Homeland Security ("DHS").

Plaintiff has reviewed the 84 individuals that Defendants identified and provided Defendants with a list of 14 custodians to prioritize: Thomas Decker, Scott Mechkowski, Lia DiSenso, Roberto Del Villar, Allen Tamayo, Fabian Lopez, Nathaniel Trueblood, Joshua Morales, Craig Allen, Miguel Haro, Haldo Dominguez, Steven Tibbetts, David Shaw, and Sergio Lopez.

Despite providing Plaintiff with the list of 33 DHS custodians yesterday, Defendants now appear to take the position that *only* certain "shared email boxes

1

and distribution lists" need to be searched. *See infra* p. 5. Plaintiff disagrees. Defendants should be required to search the documents of *all* 84 individuals previously identified as custodians in this case, as all such individuals are likely to have responsive documents in their possession, custody, or control.

**2.** **Revised Search Terms:** At the October 2 discovery conference, the Court instructed Defendants to inform Plaintiff about any agreed-upon search terms that had generated a disproportionate number of hits. The parties would then be able to confer regarding appropriate modifications to the search terms. After the conference, Plaintiff reiterated to Defendants her willingness to work collaboratively to revise the search terms to the extent necessary.

Defendants did not reach out to Plaintiff to identify specific issues with the search terms. Instead, hours before the deadline for filing this status report, Defendants proposed a list of modified search terms. *See infra* p. 5. Although Plaintiff has not had time to fully evaluate Defendants' proposal, Plaintiff notes that it omits several of the key search terms agreed upon by the parties—including, for example, the name of the faith-based organization that Plaintiff co-chairs (New Sanctuary Coalition), the names of other individuals associated with her organization who have been targeted by Defendants (Ravidath Ragbir and Jean Montrevil), and the name of the church that she believes has been surveilled (Judson Memorial Church). Defendants' proposal also dramatically restricts many of the other agreed-upon search terms. Plaintiff therefore does not agree to the modifications that Defendants propose.

Plaintiff remains willing to discuss other potential modifications, including modifications to search terms that Defendants identified as problematic at the discovery conference. For example, Plaintiff would be willing to eliminate search terms related to Al Otro Lado, Pueblos Sin Fronteras, Antifa, and the International Liaison Unit, and is willing to work with Defendants on other search terms as well.

2

3. **Revised Scheduling Order:** The Scheduling Order in this case provides that fact discovery must be completed by November 16, 2020 and expert discovery must be completed by February 26, 2021. *See* Dkt. 73 ¶¶ 2, 3-6 (Apr. 14, 2020). In Plaintiff's view, a four-month extension of these dates is appropriate. Under the revised schedule, the parties would complete fact discovery by **March 16, 2021** and expert discovery by **June 26, 2021**.

4. **Production Deadlines:** To ensure adequate time to review documents and prepare for depositions, Plaintiff respectfully asks the Court to order Defendants to produce responsive, non-privileged documents on a rolling basis, to be completed no later than **January 15, 2021**. Plaintiff further asks the Court to order Defendants to produce documents from the 14 priority custodians by **November 30, 2020**.

5. **Production Protocols:** Defendants have also proposed changes to the production protocols—again, first informing Plaintiff of their proposal just hours before the deadline for this filing. *See infra* pp. 4-5. Plaintiff has not yet had time to fully evaluate the proposal. Based on her preliminary assessment, however, Plaintiff does not agree to these changes.

Combined with their failure to produce *any* case-specific documents over the past six months, Defendants' last-minute attention to issues raised by the Court at last week's discovery conference is troubling. Plaintiff remains willing to take appropriate steps to expedite the discovery process and appreciates the Court's assistance in moving this case forward.

**DEFENDANTS' POSITION ON REMAINING ISSUES**

Currently, based on the protocols, custodians and search terms in place, CBP, ICE and DHS/HQ have pulled data comprising close to 100,000 documents that must be reviewed for both responsiveness and privilege. Under the Joint Discovery Plan, "Nothing herein shall require a party to create, populate, or produce metadata that does not exist or is *not reasonable or technically accessible*." Joint Discovery

Plan, ECF No. 69, Clause 7a. (emphasis added). Additionally, Federal Rule of Civil Procedure 26 provides "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and *proportional to the needs of the case*…." Fed. R. Civ. P. 26 (b)(1) (in pertinent part) (emphasis added). Here, as discussed in the Status Report, ECF No. 79, the production requested by Plaintiff is extremely burdensome. Because minor revisions to the original search terms will not sufficiently alleviate the burden, Defendants have proposed a series of significant search term revisions and protocol modifications to address the problems they have encountered using the original terms. This required an analysis that could not be completed until late last night.

Plaintiff makes clear she potentially would agree to some minor modifications to search terms and custodians. But this will not significantly reduce the burden associated with the ESI that requires reviewing thousands of emails and attachments. In addition, Plaintiff must retrieve and review other documents that will have to be produced in PDF format because retrieving metadata is not possible or practicable. Therefore, Defendants propose the following:

(1) Defendants will produce this week the metadata associated with the government's document production in the related case of *Phillips, et al. v. CBP, et al.* ("*Phillips*"), C.D. Cal., Case No. 19-CV-6338-SVW-JEM. Defendants already have produced to Plaintiff PDF versions of approximately 6,500 *Phillips* documents. They now will produce the metadata.

(2)  Because many emails have been forwarded with the same attachments over and over to numerous recipients, and those same attachments also appear as standalone documents in other instances, it would expedite the review and production of the data if the production of the particular document/attachment is limited to a single "exemplar" with all duplicate versions not produced. The metadata will indicate when this has been done.

(3) Copies of a particular document often have very minor differences due to the way they were copied, printed or due to the equipment used. Defendants propose that documents which are at least 98% identical will be considered duplicates. Pursuant to proposal "2" above, an exemplar will be produced but not those copies considered duplicates.

(4) If an email is responsive, but contains non-responsive attachments, the non-responsive attachments will not be produced.

(5) Defendants propose the following modified collection/search terms for identifying potentially responsive data: a) "Kaji"; b) "Dousa"; c) "Spellman"; d) "Sanctuary Caravan"; e) "Park Avenue Christian Church"; f) "Jericho walk"; g) "Suspected Organizers, Coordinators, Instigators, and Media"; h) "Anti-Trump Protest" /10 "ICE"; i) "clergy" or "pastor*" or "minister*" /3 "Tijuana" or "Mexico" or "border" or "immigrant"; j) "marriage" or "wedding" or "officiat" /3 "Tijuana" or "Mexico" or "border" or "immigrant" or "sham" or "fraud"; k) "RFRA" or "Religious Freedom Restoration Act" /10 "migrant*"; l) ("International Liaison Unit" or "ILU") /5 "sanctuary caravan" or "powerpoint"; m) "Wesley" or "W." /3 "Petonak".

(6) DHS/HQ proposes to search the following distribution shared email boxes and distribution lists as their "custodians": a) Media Inquiry; b) Media Inquiry_FORWARD; c) DHS.INTEL.TOCMC; d) DHS.INTEL.TOCMC.ESEC; e) DHS.INTEL.PPSD.ALL; f) DHS.INTEL.PPSD.ALL; g) DHS.INTEL.IALiaisonOfficers; h) PLCY EXEC SEC; i) PLCYAUDITS; j) PLCYAUDITS; k) PLCYAudits (MGMT); l) NOC.SWO; m) NOC.SWO.Restricted; n) NOC.Tracker; o) NOC.TRACKER.dl.

7) Defendants request the following modifications to the deadlines: 1) deadline to produce documents for the 14 priority custodians – January 30, 2021; 2) deadline to complete rolling production of responsive, non-privileged documents –

March 15, 2021; 3) completion of fact discovery – July 17, 2021; and 4) completion of expert discovery – October 27, 2021.

Dated: October 7, 2020

Respectfully submitted,

By: /s/ Oscar Ramallo

ARNOLD & PORTER KAYE SCHOLER LLP

   Oscar Ramallo
     oscar.ramallo@arnoldporter.com
   R. Stanton Jones (*pro hac vice*)
     stanton.jones@arnoldporter.com
   William C. Perdue (*pro hac vice*)
     william.perdue@arnoldporter.com
   Janine M. Lopez (*pro hac vice*)
     janine.lopez@arnoldporter.com
   Ada Añon (*pro hac vice*)
     ada.anon@arnoldporter.com
   Christian D. Sheehan (*pro hac vice*)
     christian.sheehan@arnoldporter.com
   Leah J. Harrell (*pro hac vice*)
     leah.harrell@arnoldporter.com

PROTECT DEMOCRACY PROJECT, INC.

   Stephanie Llanes (*pro hac vice*)
     stephanie.llanes@protectdemocracy.org
   Anne Tindall (*pro hac vice*)
     anne.tindall@protectdemocracy.org
   Genevieve Nadeau (*pro hac vice*)
     genevieve.nadeau@protectdemocracy.org
   Ben Berwick (*pro hac vice*)
     ben.berwick@protectdemocracy.org

*Attorneys for Plaintiff Kaji Dousa*

By: /s/ Ernest Cordero, Jr.

   Robert S. Brewer, Jr.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States Attorney

Ernest Cordero, Jr.
Assistant United States Attorney
ernest.cordero@usdoj.gov
Michael A. Garabed
Assistant United States Attorney
michael.garabed@usdoj.gov

*Attorneys for Federal Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2020, I electronically filed the foregoing with the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Respectfully,

ARNOLD & PORTER KAYE SCHOLER LLP

*/s/ Oscar Ramallo*
Oscar Ramallo
oscar.ramallo@arnoldporter.com