UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAJI DOUSA,<br><br>            Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"); U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"); U.S. CUSTOMS AND BORDER PROTECTION ("CBP"); KEVIN K. MCALEENAN, Acting Secretary of DHS; MATTHEW T. ALBENCE, Acting Director of ICE; MARK A. MORGAN, Acting Commissioner of CBP; AND PETER FLORES, Director of Field Operations for CBP, San Diego,<br><br>            Defendants. | Case No. 19-cv-01255-TWR<br><br>**PROPOSED JOINT PRETRIAL ORDER**<br><br>Judge: Hon. Todd W. Robinson |

# I.  CAUSES OF ACTION TO BE TRIED[1]

### A.  COUNT 1: RETALIATION IN VIOLATION OF THE FIRST AMENDMENT

**1.  Elements:** To prevail on her First Amendment retaliation claim, Plaintiff must show that (1) she engaged in constitutionally protected conduct and (2) the conduct was a substantial or motivating factor in Defendants' adverse actions against her. *Williams v. California*, 764 F.3d 1002, 1016 (9th Cir 2014).

**2.  Damages:** Plaintiff seeks only declaratory and injunctive relief, not damages.

**3.  Defenses and Defendants' Additional Authority on Elements:** To succeed on a First Amendment retaliation claim, it must be shown that (1) plaintiff engaged in constitutionally protected activity; (2) as a result, plaintiff was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010). A "substantial causal relationship" is generally "understood to be but-for causation." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 917 (9th Cir. 2012). Plaintiff also must show that the retaliation was an adverse action that "would chill a person of ordinary firmness from continuing to engage in the protected activity." *Blair*, 608 F.3d at 543.

**4.  Defendants' Authority on Injunctive Relief:** A plaintiff seeking injunctive relief must demonstrate that he has suffered or is threatened with a "concrete and particularized" legal harm, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), coupled with "a sufficient likelihood that he will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). As to the second inquiry, a plaintiff must establish a "real and immediate threat of repeated injury." *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974). "[P]ast wrongs do not in themselves amount to [a] real and immediate threat of injury necessary to make out a case or controversy." *Lyons*,

---

[1] Because this is a bench trial, this proposed pretrial order does not include a "statement to be read to the jury … of the nature of the case and the claims and defenses." Local Rule 16.1(f)(6)(c)(1).

461 U.S. at 103. However, "past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury." *O'Shea*, 414 U.S. at 496. In addition, the claimed threat of injury must be likely to be redressed by the prospective injunctive relief. *Graham v. Fed. Emergency Mgmt. Agency*, 149 F.3d 997, 1003 (9th Cir.1998).

**B.**     COUNT 2: VIOLATION OF THE FIRST AMENDMENT'S FREE EXERCISE CLAUSE

**1.**     **Elements:** To prevail on her Free Exercise claim, Plaintiff must show that (1) Defendants targeted Plaintiff specifically because she provided pastoral services to migrants, which is protected religious activity, and (2) Defendants' conduct "substantially burdens [Plaintiff's] religious practice." *Am. Family Ass'n, Inc. v. City & Cty. of San Francisco*, 277 F.3d 1114, 1123 (9th Cir. 2002); *see also Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531-32 (1993); ECF 61, at 12-13.

**2.**     **Damages:** Plaintiff seeks only declaratory and injunctive relief, not damages.

**3.**     **Defenses and Defendants' Additional Authority on Elements:**  To prevail, a plaintiff must establish that the challenged conduct resulted in an impairment of her free exercise of genuinely held beliefs. *See United States v. Lee*, 455 U.S. 252, 256–57 (1982). When analyzing a Free Exercise claim, the Court first determines whether the governmental action challenged is "neutral and of general applicability," i.e., that the object of the government action is not "to infringe upon or restrict practices because of their religious motivation." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531, 533 (1993). If the government action is neutral and generally applicable, rational basis review applies, "even if the law has the incidental effect of burdening a particular religious practice." *Id*. at 531. On the other hand, if the action infringes upon religious practices because of a religious motivation, it is subject to strict scrutiny. *Id*.

When the challenged government action is neither regulatory, proscriptive or compulsory, or does not involve a "law," the question is not whether the government action is neutral and generally applicable, but rather whether it substantially burdens religious practice and either is not justified by a substantial state interest or is

not narrowly tailored to achieve that interest. *See Am. Family Ass'n, Inc.*, 277 F.3d at 1123-24. "[A] subjective chilling effect on free exercise rights is not sufficient to constitute a substantial burden." *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1394 (9th Cir. 1994); *see also Fazaga v. Fed. Bureau of Investigation*, 916 F.3d 1202 (9th Cir. 2019) (change in way Plaintiffs practiced religion due to government surveillance did not constitute a substantial burden). "[E]very person cannot be shielded from all burdens incident to exercising every aspect of the right to practice religious beliefs." *Lee*, 455 U.S. at 261

C.    COUNT 3: VIOLATION OF THE RELIGIOUS FREEDOM RESTORATION ACT (RFRA)

1.    **Elements:** To prevail on her RFRA claim, Plaintiff must show that (1) "the activities [she] claims are burdened by the government action [are] an 'exercise of religion'" and (2) "the government action … 'substantially burden[s]' [her] exercise of religion." *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1068 (9th Cir. 2008) (internal citations omitted).

2.    **Damages**: Plaintiff seeks only declaratory and injunctive relief, not damages.

3.    **Defenses:** If the plaintiff establishes a prima facie case, the burden shifts to the Government to show a compelling interest that is implemented by the least restrictive means. *Burwell v.Hobby Lobby Stores, Inc.*, 573 U.S. 682, 705 (2014). "Where there is no substantial burden, there is no ground to apply the 'compelling interest' test, and thus no RFRA violation—no matter how dire the practical consequences of a government policy or decision." *Apache Stronghold v. United States*, 38 F.4th 742, 756 (9th Cir. 2022). "Under RFRA, a substantial burden is imposed only when individuals are forced to choose between following the tenets of their religion and receiving a governmental benefit or coerced to act contrary to their religious beliefs by the threat of civil or criminal sanctions." *Navajo Nation*, 535 F.3d at 1069-70.

4.    **Defendants' Authority on Injunctive Relief**:  A plaintiff seeking injunctive relief must demonstrate that he has suffered or is threatened with a "concrete and particularized" legal harm, *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130, coupled with "a sufficient likelihood that he will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). As to

the second inquiry, he must establish a "real and immediate threat of repeated injury." *O'Shea v. Littleton*, 414 U.S. 488, 496, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). "[P]ast wrongs do not in themselves amount to [a] real and immediate threat of injury necessary to make out a case or controversy." *Lyons*, 461 U.S. at 103, 103 S.Ct. 1660. However, "past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury." *O'Shea*, 414 U.S. at 496, 94 S.Ct. 669. In addition, the claimed threat of injury must be likely to be redressed by the prospective injunctive relief. *Graham v. Fed. Emergency Mgmt. Agency*, 149 F.3d 997, 1003 (9th Cir.1998).

**5.    Defendants' Authority on Defenses as to All Claims**

Law enforcement officials "may pursue and, if appropriate, detain individuals suspected of having been, or being, engaged in criminal activity." *Duran v. City of Douglas*, 904 F.2d 1372, 1376 (9th Cir. 1990). Pursuant to the "long-standing right of the sovereign to protect itself by stopping and examining persons and property crossing into this country," *United States v. Ramsey*, 431 U.S. 606, 616 (1977), CBP has substantial authority to question travelers upon reentry into the United States. The Government's paramount interest in protecting its borders has been held to justify suspicionless searches and questioning of travelers lasting multiple hours. *See Tabbaa v. Chertoff*, 509 F.3d 89, 94–95, 99 (2d Cir. 2007). Even away from the border, law enforcement investigations of First Amendment-protected organizations are proper if they have a legitimate law enforcement purpose that outweighs any harm to First Amendment freedoms. *U.S. v. Mayer*, 503 F.3d 740, 753 (9th Cir. 2007).

## II.    **EXPECTED WITNESSES**

### A.    WITNESSES PLAINTIFF EXPECTS TO CALL LIVE AT TRIAL[2]

**1.    Roberto Del Villar**. Mr. Del Villar was the Assistant Chief Patrol Agent overseeing the Foreign Operations Branch in January, 2019. He oversaw the creation of the "Suspected Organizers,

---

[2] For witnesses whom both Plaintiff and Defendants have listed in their respective witness lists to call live at trial, the parties have agreed that, for efficiency, those witnesses will be called to testify only once, during Plaintiff's case in chief, and Defendants may conduct their full examination of those witnesses at that time without regard to the scope of Plaintiff's direct examination of the witnesses.

Coordinators, Instigators, and Media" PowerPoint. His testimony will speak to its creation, purpose, and use, as well as the aftermath of the PowerPoint's leak to the media.

**2.    Haldo Dominguez**. Mr. Dominguez was involved in the creation of the "Suspected Organizers, Coordinators, Instigators, and Media" PowerPoint and was also involved with articulating why certain individuals were included in the list after the document leaked. His testimony will speak to the PowerPoint's creation, purpose, and use, as well as the aftermath of the PowerPoint's leak to the media.

**3.    Pastor Kaji Dousa**. Pastor Dousa is the Plaintiff in this matter. Her testimony will speak to her work advocating for and ministering to migrants, her interactions with CBP in December 2018 and January 2019, the discovery of her inclusion on the "Suspected Organizers, Coordinators, Instigators, and Media" PowerPoint, and the effects of Defendants' actions on her ministry and expression.

**4.    Nicolas Gonzales**. Mr. Gonzales led CBP's Trusted Traveler Enrollment Center in San Diego and was closely involved in the decision to, in his words, "suspend" Pastor Dousa's Trusted Traveler status. His testimony also will speak to CBP's Trusted Traveler programs in general.

**5.    Miguel Haro**.  Mr. Rodriguez is a CBP officer who was involved in, and whose testimony will speak to, the "suspen[sion]" of Pastor Dousa's Trusted Traveler status, her inclusion on the "Suspected Organizers, Coordinators, Instigators, and Media" PowerPoint, and her inclusion on other CBP lists of individuals associated with the migrant caravan as well.

**6.    Saro Oliveri**. Mr. Oliveri led CBP's Trusted Traveler Enrollment Center in San Diego and was closely involved in the decision to, in his words, "revoke" Pastor Dousa's Trusted Traveler status. Mr. Oliveri also emailed a Mexican government official to tell him, incorrectly, that Pastor Dousa and other U.S. citizens lacked appropriate documentation to be in Mexico and should be detained and turned over to the U.S. government. Mr. Oliveri also entered certain updates and changes regarding Pastor Dousa's status in the relevant CBP databases. Mr. Oliveri also submitted a declaration regarding Pastor Dousa's allegations earlier in this case.

**7.    Juan Rodriguez**. Mr. Rodriguez was principally responsible for creating the "Suspected Organizers, Coordinators, Instigators, and Media" PowerPoint. His testimony will speak to its creation, purpose, and use, as well as the aftermath of the PowerPoint's leak to the media.

**8.**    **Nathaniel Trueblood**. Mr. Trueblood wrote a report on Pastor Dousa based on the interview of Honduran national Alma Patricia Canales Oviedo, who reported that Pastor Dousa told migrants they should get married to increase their chances of being released from custody once they crossed the U.S. border. His testimony will speak to the content, context, and effect of this report.

**B.**    WITNESSESS PLAINTIFF EXPECTS TO CALL BY DEPOSITION DESIGNATION

**1.**    **Jeremey Burnett.** Mr. Burnett was one of CBP agents who interviewed Plaintiff when she was pulled into secondary inspection on January 2, 2019. He will testify as to the content and context of that interview.

**2.**    **Lea DiSenso**. Ms. DiSenso was the chief intelligence officer with oversight of all Homeland Security Investigations ("HSI") analysts on Operation Secure Line ("OSL"). Oversaw the HSI investigation into Plaintiff. Her testimony will speak to that investigation.

**3.**    **Allen Tamayo**. Mr. Tamayo was the other CBP agent who interviewed Plaintiff when she was pulled into secondary inspection on January 2, 2019. He will testify as to the content and context of that interview.

**C.**    **WITNESSES DEFENDANTS EXPECT TO CALL LIVE AT TRIAL**

**1.**    **Kaji Dousa**.  Defendants expect to cross-examine Ms. Dousa regarding her allegations.

**2.**    **Nathaniel Trueblood**.  Agent Trueblood will testify regarding the work he did to compile information from field reports and other sources regarding Plaintiff's potential participation in marriage fraud.

**3.**    **Miguel Haro**.  Based on information the agency had compiled regarding Plaintiff's potential participation in marriage fraud, BP Agent Haro will testify regarding the notation he placed on Plaintiff's record that caused her to be interviewed when she returned to the United States.

**4.**    **Juan Rodriguez**.  Based on information the agency had compiled regarding Plaintiff's potential participation in marriage fraud, BP Agent Rodriguez will testify regarding Plaintiff's inclusion

in a PowerPoint presentation he created related to the 2018 migrant caravan.

5. **Haldo Dominguez**. BP Agent Dominguez will testify regarding the PowerPoint presentation that was created related to the 2018 migrant caravan.

6. **Nicolas Gonzales**. CBPO Gonzales will testify that Plaintiff's membership in the Trusted Traveler Program was not suspended.

7. **Saro Oliveri**. Chief Oliveri will testify that Plaintiff's membership in the Trusted Traveler Program was not revoked.

## D.   WITNESSESS DEFENDANTS EXPECT TO CALL BY DEPOSITION DESIGNATION

1. **Jeremey Burnett.** CBPOs Burnett and Tamayo interviewed Plaintiff when she returned to the United States by land on January 2, 2019.

2. **Alan Tamayo**. CBPOs Burnett and Tamayo interviewed Plaintiff when she returned to the United States by land on January 2, 2019.

3. **Lea Disenso**. ICE officer Disenso had oversight of an investigation conducted by Homeland Security Investigations ("HSI") regarding Plaintiff's potential participation in marriage fraud.

4. **Scott Mechkowski**. Former ICE officer Mechkowski testimony refutes Plaintiff's allegation that her purported interactions with ICE in New York bear any connection to this case.

## E.   EXPERT WITNESSES AND ADDITIONAL WITNESSES THE PARTIES RESERVE THE RIGHT TO CALL
None.

## III.  **EXHIBITS**

A.    PLAINTIFF EXPECTS TO OFFER THE FOLLOWING EXHIBITS:

| Exhibit # | Description | Objections[3] |
|---|---|---|
| 1 | [CBP_ 0012541] 1.2.2019 Email from "donotreply@cbp.dhs.gov" re: SUBJ QUERY HIT: [REDACTED] | |
| 2 | [CBP_0013092] U.S. Customs and Border Protection LFC Region IX EOC Intelligence Report - Dousa | |
| 3 | [CBP_0013079-80] 12.1.2018 Email from M. Haro re: Op Migrant Caravan - TTRT Support | |
| 4 | [CBP-00027-34] Department of Homeland Security Customs and Border Protection - Migrant Caravan 2019/ Kaji Dousa | |
| 5 | [CBP00003532] 1.10.2019: Email from J. Rodriguez re: Caravan Organizers | |
| 6 | [CBP00001628-32] 08.25.2019 Email from C. Allen re: statement | |
| 7 | [CBP0001425-26] 06.20.2019 Email from C. Cline re: Virginia "Marriage" Certificate | |
| 8 | [CBP0000735] 01.08.2019 Email from R. Del Villar re: Intel (ANTIFA) | FRE 401 - Relevance |
| 9 | [CBP_0000747-49] 02.28.2019 Email from H. Dominguez re: NBC Inquiry - Op Secure Line Gathers Intel on U.S. Citizens | FRE 401 - Relevance FRE 403 – Trial time not justified by marginal relevance, if any |
| 10 | [CBP_0010337-38] 03.07.2019 Email from C. Allen re: Caravan Organizers | |

---

[3] Defendants object to the use at trial of exhibits designated as "Confidential" or "Confidential - For Counsel Only" under the Protective Order (ECF No. 51) unless appropriate measures are taken to protect Law Enforcement Privileged/Sensitive and Confidential information from public disclosure. Defendants also object to the disclosure of any Personal Identifying Information.

| 11 | [CBP_0000738-40] 12.03.2018 Email from R. Del Villar re: Caravan INTEL from ASID | |
| 12 | Dousa v. U.S. Department of Homeland Security: Stipulated Protective Order | FRE 401 - Relevance |
| 13 | [CBP_0012088-89] 11.30.2018 LFC Region IX EOC Intelligence form on Veronica Castillo | FRE 401 - Relevance |
| 14 | [ICE_0000128-31] US Customs and Border Protection LFC Region IX EOCPhotos of Individuals | FRE 401 – Relevance (except as to Plaintiff) FRE 403 – Trial time not justified by marginal relevance, if any |
| 15 | [CBP00000213-16] 05.17.2019 Memorandum from K. McAleenan re: Information Regarding First Amendment Protected Activities | FRE 401 - Relevance |
| 16 | [CBP_0007377-86] 01.09.2019 "SDCFOB Migrant Caravan FY-2019 Suspected Organizers, Coordinators, Instigators, and Media" | FRE 401 – Relevance (except as to Plaintiff) FRE 403 – Trial time not justified by marginal relevance, if any |
| 17 | [CBP_0002804-15] 12.07.2018 Email from S. Crudale re: Caravan Daily Update 06DEC2018 | FRE 401 – Relevance (except as to Sanctuary Caravan) FRE 403 – Trial time not justified by marginal relevance, if any |
| 18 | [CBP00000171] 01.08.2019 Email from H. Dominguez re: MIGRANT CARAVAN organizers and lawyers APRIL Event | FRE 401 – Relevance FRE 403 – Trial time not justified by marginal relevance, if any |
| 19 | [CBP00000172-85] Compilation of migrant caravan lawyers | FRE 401 – Relevance FRE 403 – Trial time not justified by marginal relevance, if any |
| 20 | [CBP00003589] 01.09.2019 Email from R. Del Villar re: Caravan Targeting | |
| 21 | [CBP_0000761] 01.17.2019 Email from P. Eaton re: organizers clean.pptx | FRE 401 – Relevance (except as to Plaintiff) |

| | | |
|---|---|---|
| | | FRE 403 – Trial time not justified by marginal relevance, if any |
| 22 | [CBP_0000762-770] Organizers (PowerPoint) | FRE 401 – Relevance (except as to Plaintiff) FRE 403 – Trial time not justified by marginal relevance, if any |
| 23 | [CBP00003768] 01.18.2019 Email from R. Del Villar re: organizers clean.pptx | |
| 24 | [CBP_0000762-70] Organizers (PowerPoint-revised) | FRE 401 – Relevance (except as to Plaintiff) 403 FRE 403 – Trial time not justified by marginal relevance, if any |
| 25 | Screenshot and Metadata of Organizers PowerPoint | FRE 401 – Relevance FRE 403 – Trial time not justified by marginal relevance, if any |
| 26 | [CBP_0000747-49] 02.28.2019 Email from H. Dominguez re: NBC Inquiry - Op Secure Line Gathers Intel on U.S. Citizens | FRE 401 – Relevance (except as to Plaintiff) FRE 403 – Trial time not justified by marginal relevance, if any |
| 27 | [CBP00003533-42] 2019.01.09 "San Diego Sector Foreign Operations Branch Migrant Caravan FY-2019 Suspected Organizers, Coordinators, Instigators, and Media" | |
| 28 | [CBP 0014207 CBP_0014259; 14261;14263; 14265] 04.2016 Consolidated Trusted Traveler Programs Handbook (excerpt) | |
| 29 | [CBP00004816-17] 12.03.2018 Email from M. Haro re: SENTRI poss Caravan organizer | |
| 30 | [DHS_0023102-06] 12.03.2018 DHS - Custom and Border Protection- Field Encounter Report [Possible Migrant Caravan Intel] | |

| 31 | [CBP_0000823-24] 12.05.2018 Email from M. Haro re: SENTRI poss Caravan organizer | |
|----|----|----|
| 32 | [CBP-0000829-831] 12.06.2018 Email from M. Haro re: SENTRI poss Caravan organizer | |
| 33 | [CBP_0012265-66] 12.14.2018 Email from S. Oliveri re: Dousa Kanji Info/Marriage Fraud Certificate | |
| 34 | [CBP00000442-475] Packet of documents titled "Al Otro Lado" | |
| 35 | [CBP_0012820-21] 01.08.2019 Email from M. Haro re: Info | |
| 36 | [CBP0012893-96] 01.12.2019 Email from M. Haro re: documents sent from San Diego (Ramos) | |
| 37 | 08.15.2019 Declaration of Saro Oliveri | |
| 38 | [CBP_0000826-27] 12.06.2018 Email from N. Gonzales re: SENTRI poss caravan organizer | |
| 39 | [CBP_0012085-89] 12.03.18 Email from M. Haro re: Region IX EOC - Organizers line up | FRE 401 – Relevance (except as to Plaintiff) FRE 403 – Trial time not justified by marginal relevance, if any |
| 40 | [CBP_0012130-42] 12.05.2018 Email from M. Haro re: Target profiles | |
| 41 | [CBP_0012548] 12.10.2018 Email from S. Oliveri re: Solicitud | |
| 42 | [CBP_0012223-24] 12.11.2018 Email from S. Oliveri re: Solicitud | |
| 43 | [CBP_0012225-26] 12.13.2018 Email from M. Haro re: Solicitud | |
| 44 | [CBP_0012263-64] 12.13.2018 Email from M. Haro re: Dousa Kanji [sic] Info/Marriage Fraud Certificate | |
| 45 | [CBP_0012265-66] 12.14.2018 Email from S. Oliveri re: Dousa Kanji [sic] Info/Marriage Fraud Certificate | |
| 46 | [CBP00003962] 01.08.2019 Email from M. Haro re: SENTRIs | FRE 401 – Relevance (except as to Plaintiff) |

| | | |
|---|---|---|
| | | FRE 403 – Trial time not justified by marginal relevance, if any |
| 47 | [CBP00003963-72] "SDC-FOB Migrant Caravan FY-2019 Suspected Organizers, Coordinators, Instigators, and Media Presentation (Color)" | FRE 401 – Relevance (except as to Plaintiff) FRE 403 – Trial time not justified by marginal relevance, if any |
| 48 | [CBP_0012806] 01.08.2019 Email from M. Haro re: SENTRIs | |
| 49 | [CBP_0000857-73] 12.28.2018 Emergency Operations Center - Region IX Update | FRE 401 – Relevance (except as to Plaintiff) FRE 403 – Trial time not justified by marginal relevance, if any |
| 50 | [CBP_00001433-466] Packet of documents titled "Al Otro Lado" | |
| 51 | [CBP-00001-53][FOIA-00001-34] Packet of documents (including "Al Otro Lado" documents) | |
| 52 | [CBP_0000771] 03.08.2019 Email from H. Dominguez re: Instigators and Organizers | FRE 401 – Relevance (except as to Plaintiff) FRE 403 – Trial time not justified by marginal relevance, if any |
| 53 | [CBP_0000772-781] "San Diego Sector Foreign Operations Branch Migrant Caravan FY-2019 Suspected Organizers, Coordinators, Instigators, and Media Presentation (B/W)" | |
| 54 | [CBP_0012825] 01.08.2019 Email from M. Haro re: Target list | |
| 55 | [CBP_0000741-43] 03.07.2019 Email from R. Del Villar re: NBC Inquiry - Op Secure Line Gathers Intel on U.S. Citizens | |
| 56 | [CBP_0011120] 03.07.2019 Email from R. Del Villar re: PPT | |
| 57 | [intentionally left blank] | |

| 58 | [CBP_0011149-11152] 2019.03.09 Email from J. Rodriguez re: CBP Journalist Monitoring | |
| 59 | [CBP_0012540] 01.02.2019 Email from "donotreply@cbp.dhs.gov" re: SUBJ QUERY HIT: [REDACTED] | |
| 60 | [CBP00006253-58] 01.11.2019 Department of Homeland Security Customs and Border Protection - Field Encounter (Caravan 2018) | FRE 401 – Relevance FRE 403 – Trial time not justified by marginal relevance, if any |
| 61 | [CBP00002560] 01.11.2019 Mensing Report | FRE 401 – Relevance FRE 403 – Trial time not justified by marginal relevance, if any |
| 62 | [CBP00000093-100] 01.22.2019 Department of Homeland Security Customs and Border Protection - Field Encounter (Migrant Caravan FY2019) | FRE 401 – Relevance FRE 403 – Trial time not justified by marginal relevance, if any |
| 63 | [CBP00002545-47] Pictures of Caravan Organizers | FRE 401 – Relevance FRE 403 – Trial time not justified by marginal relevance, if any |
| 64 | [ICE_0000126-27] 12.03.2018 Email from E. Torregrosa re: Region IX EOC - Caravan organizers lineup | |
| 65 | [CBP00004301-10] 12.18.2018 DHS - Custom and Border Protection- Field Encounter Report [IMB Migrant Caravan Interviews] | FRE 401 – Relevance FRE 403 – Trial time not justified by marginal relevance, if any |
| 66 | [CBP_0001896-1901] 12.03.2018 Email from SDC BOC re: Migrant Interview Analysis | FRE 401 – Relevance FRE 403 – Trial time not justified by marginal relevance, if any |
| 67 | [ICE_00002021-37] 12.18.2018 Emergency Operations Center - Region IX Update | FRE 401 – Relevance (except as to Plaintiff) FRE 403 – Trial time not justified by marginal relevance, if any |

| 68 | [CBP-00092] 11.28.2018 Certificate of Marriage between Elvis Dominguez Moreno and Herminia Elizabeth Morales | |
| 69 | [CBP_0013234-37] 12.26.2018 Email from T. Cochran re: Virginia "Marriage" Certificate | |
| 70 | [CBP_0012499] 12.03.2018 Certificate of Marriage between Dora Urrea Amanda Bejarano and Wilmer Pinto Natzul Romero | |
| 71 | [CBP_0010883-90] 12.20.2018 Report of Investigation - Possible Marriage Fraud - Migrant Caravan | |
| 72 | [CBP_0013226] 12.26.2018 Email from N. Trueblood re: Submission related to Migrant Caravan -Possible Marriage Fraud | |
| 73 | [CBP_00000122-138] 01.14.2019 DHS - Custom and Border Protection- Field Encounter Report [Migrant Caravan - Possible Marriage Fraud] | |
| 74 | [CBP_0012816-17] 01.08.2019 Email from M. Haro re: Info | |
| 75 | [CBP_0011874 (confidential)] Presentation "FY 2019 Migrant Caravan Associates" | FRE 401 – Relevance (except as to Plaintiff) FRE 403 – Trial time not justified by marginal relevance, if any |
| 76 | [CBP00004846] CBP Spreadsheet listing "Leaders and Organizers," "Anarchists," "Pro-Caravan," and "Media." | FRE 401 – Relevance (except as to Plaintiff) FRE 403 – Trial time not justified by marginal relevance, if any |
| 77 | [CBP_0010956] (confidential) K. Dousa LEP profile | |
| 78 | [CBP00013125] 1.4.2019 email from M. Haro to TTRT | |
| 79 | [CBP_0000845] 12.28.2018 email from S. Assad re: SM/OS & Financials on Fraud Marriage Certificate Group | |

| 80 | [ICE_0002386] 1.18.19 email from K. Johnson re: Fwd: Mujica | FRE 401 – Relevance FRE 403 – Trial time not justified by marginal relevance, if any |
|----|----|----|
| 81 | [CBP_00002731] CBP Presentation | |
| 82 | [CBP_00030] CBP Field Encounter Report | |
| 83 | [CBP_0012801] 1.6.2019 CBP email | |
| 84 | [CBP_0000805] 1.72019 CBP "situational update" presentation | |
| 85 | Case Document 55-2 04.23.2016 letter to K. Dousa re: Global Entry | |
| 86 | Case Document 55-3 6.22.2016 email to K. Dousa confirming appointment for SENTRI/Global Entry Trusted Traveler program in San Ysidro, CA | |
| 87 | Case Document 55-4 Welcome to the Trusted Traveler Programs letter | |
| 88 | Case Document 55-5 K. Dousa Global Entry Card | |
| 89 | Case Document 55-6 Presenting your new Trusted Traveler card guide | |
| 90 | Case Document 55-7 03.07.2019 NBC.com article "PHOTOS: Leaked Documents Show Government Tracking Journalists, Immigration Advocates" | FRE 401 – Relevance (except as to Plaintiff) FRE 403 – Trial time not justified by marginal relevance, if any |
| 91 | Case Document 55-8 Photo of K. Dousa with yellow X over face | FRE 403 – Trial time not justified by marginal relevance, if any |
| 92 | Case Document 55-10 11.26.2018 email chain between K. Dousa and N. Ramos re: migrant wedding ceremonies | |
| 93 | Case Document 55-11 Clergy Caravan Accompaniment Notes | |
| 94 | Max Rivlin-Nadler, NYC Faith Leaders Administer Aid (and Wedding Vows) to Sanctuary Caravan in Tijuana, Gothamist (Nov. 28, 2018), https://gothamist.com/news/nyc-faithleaders- | |

15

| | administer-aid-and-weddingvows-to-sanctuary-caravan-in-tijuana. | |

**B.    DEFENDANTS EXPECT TO OFFER THE FOLLOWING EXHIBITS:**

| Exhibit # | Description | Objections |
|---|---|---|
| 500 | [CBP_0000738 - 0000740] 11.30.2018 Cooper Email re Caravan INTEL from ASID | |
| 501 | [CBP_0000741 - 0000743] 2.27.2019 Jones Email re NBC Inquiry | |
| 502 | [CBP_0000771] 1.8.219 Rodriguez Email re Instigators and Organizers | |
| 503 | [CBP_0000772 - 0000781] Migrant Caravan PowerPoint | |
| 504 | [CBP_0000783 - 0000822] 1.7.2019 Region IX Update | |
| 505 | [CBP_0000823 - 0000824] 12.2.2018 Haro Email re Caravan Organizers | |
| 506 | [CBP_0000829 - 0000831] 12.2.2018 Haro Email re Caravan Organizers | |
| 507 | [CBP_0001896 - 0001901] 12.3.219 Trueblood Email re Migrant Interview Analysis | Hearsay (as to report of what a migrant supposedly said) |
| 508 | [CBP_0010539 - 0010540] 3.15.2019 Allen Email re Look out Info | Hearsay (as to report of what a migrant supposedly said) |
| 509 | [CBP_0010883 - 0010890]12.20.2018 CBP ROI | Hearsay (as to report of what a migrant supposedly said) |
| 510 | [CBP_0011077 - CBP_0011095] Operation Secure Line Report | |
| 511 | [CBP_0011149 - 0011152] 3.7.2019 Salazar Email re CBP Journalist Monitoring | |

| | | |
|---|---|---|
| 512 | [CBP_0012085 - 0012089] 12.3.2018 Rodriguez Email and Organizers Line up PowerPoint | |
| 513 | [CBP_0012263 - 0012264] 12.2.2018 Cochran Email re FIR | |
| 514 | [CBP_0012265 - 0012266] 12.2.2018 Cochran Email re Dousa and Marriage Certificates | |
| 515 | [CBP_0012499] 12.3.2018 Marriage Certificate | Relevance<br>FRE 403<br>Foundation<br>Hearsay |
| 516 | [CBP_0012539] 1.2.2019 Pedestrian Primary Hit Email | |
| 517 | [CBP_0012541] 1.2.2019 Email to Haro re SUBJ QUERY HIT | |
| 518 | [CBP_0012542] 1.3.2019 NEG INSPC RSLT Email | |
| 519 | [CBP_0012801] 1.6.2019 Cochran Email re Gothamist Article | |
| 520 | [CBP_0012802] Gothamist Article | |
| 521 | [CBP_0012806] 1.8.2019 Rodriguez Email re Dousa Info | |
| 522 | [CBP_0012820 - 0012821] 1.28.2019 Rodriguez Email re Dousa Info | |
| 523 | [CBP_0012825 - 0012827]1.8.2019 Rodriguez Email re Dousa Info | |
| 524 | [CBP_0013072 - 13073] 12.2.2018 Cochran Email re Dousa Business Card | |
| 525 | [CBP_0013079 - 13080] 12.6.2018 Haro Email re Op Migrant Caravan | |
| 526 | [CBP_0013092] EOC Intelligence File | |
| 527 | [CBP_0013226] 12.26.2018 Trueblood Email re Possible Marriage Fraud | |
| 528 | [CBP_0013234 - 0013237]12.20.2019 Gilbert Email re Tijuana Area Command Center - Mids EOS | |
| 529 | [CBP_0014207 - 0014297] Consolidated Trusted Traveler Program Handbook | |

| | | |
|---|---|---|
| **530** | [CBP-00001-00034] CBP Investigative Documents | Hearsay (as to report of what a migrant supposedly said) |
| **531** | [CBP-00092] Certificate of Marriage | |
| **532** | [CBP00000213 - 00000216] 5.17.2019 Letter to McAleenan | |
| **533** | [CBP00001123 - 00001129] Nov 15 – Jan 17 Briefings | |
| **534** | [CBP00001425 - 00001426] 12.28.2018 Cline Email re Virginia Marriage Certificate | |
| **535** | [CBP00001435 - CBP00001436] 6.19.2019 TECS Person Query | |
| **536** | [CBP00003532 - 00003542] Caravan Organizers Email and PPT | |
| **537** | [CBP00003962 - 00003972] Migrant Caravan FY2019 PPT and Email | |
| **538** | [CBP00004301 - 00004310] 12.18.2018 Trueblood Field Encounter Report | |
| **539** | [CBP00004816 - 00004817] 12.2.2018 Haro Email re Dousa Business Card | |
| **540** | [CBP00005149] 5.1.2019 Ross Email re FIRs | |
| **541** | [ICE_0001970 - 0001972] 1.19.2018 Tibbets Email re Pastor Dousa | |
| **542** | [ICE_0002021 - 0002037] Region IX Update 12.8.2018 | |
| **543** | [ICE_0002057 - 0002058] 1.19.2018 Tibbets Email re Pastor Dousa | |
| **544** | [See in May Use List] | |
| **545** | [DOUSA00022 -00024] 9.29.2017 Email re Meeting with ICE Director and Agenda | |
| **546** | [DOUSA00029] 10.5.2017 Thomas Email re Follow Up to AILA Meeting | |
| **547** | [See in May Use List] | |
| **548** | [DOUSA00086 - 00091] 1.22.2018 Email and Ragbir Legal Timeline | |
| **549** | [DOUSA00104 - 00106] 1.30.2018 Dousa Email to Commissioner Mostofi | |

| 550 | [See in May Use List] | |
| 551 | [See in May Use List] | |
| 552 | [See in May Use List] | |
| 553 | [DOUSA00149 - 00150] 3.11.2018 Curry Email re Segment Elements | |
| 554 | [DOUSA00279] Email re Migrant Crisis Update | |
| 555 | [DOUSA00280 - 00281] 11.15.2018 Dousa Email re Visit to San Diego | |
| 556 | [DOUSA00315 - 00316] Dousa Email | |
| 557 | [DOUSA00325 - 00326] Email re Notes from Tijuana Visit | |
| 558 | [DOUSA00433 - 00444] Pro Se Training Clinic Brochure | |
| 559 | [DOUSA00472 - 00473] 11.23.2018 Email re Solidarity with Caravan | |
| 560 | [DOUSA00616 - 00617] Email re ABC Home Mission | |
| 561 | [DOUSA00684 - 00686] 12.6.2018 Dousa Email | |
| 562 | [DOUSA00853] Protest Info Flyer | |
| 563 | [DOUSA00865 - 00867] 2.1.2018 Email re Clergy Letter | |
| 564 | [See in May Use List] | |
| 565 | [DOUSA00896] Email to Dousa re Concerning Article | |
| 566 | [DOUSA00900] Dousa Email re Quick Post | |
| 567 | [DOUSA01341] 11.3.2019 Breyer Email re ICNY Dec 18 Newsletter | |
| 568 | [DOUSA01359 - 011362] Email re Caravan Assistance | |
| 569 | [DOUSA01390 -01392] 10.30.2019 Email re Married by you | |
| 570 | [See in May Use List] | |
| 571 | [See in May Use List] | |
| 572 | ECF 25-1 Declaration of Kaji Dousa | |
| 573 | ECF 55-1-Declaration of Dousa | |

| 574 | ECF 55-9-Declaration of Kaji | |
| 575 | 10.11.2019 Dousa Declaration (SENTRI) | |
| 576 | 11.28.2018 Gothamist Article re Sanctuary Caravan Weddings | |
| 577 | 1/2/2019 Video of Dousa at SYPOE Secondary | |
| 578 | [CBP_0010516 - CBP_0010517] - 3.19.2019 Email re Nicole Ramos | |
| 579 | [CBP_0010518 -CBP_0010531] 3.19.2019 Field Information Report | |
| 580 | Dousa_ - Interdiction Notes | |
| 581 | Ex CD. [DOUSA00169 - DOUSA00174] 10.26.2018 Email re Refugee Exodus | |
| 582 | [CBP00013125] 1.4.2019 email from M. Haro to TTRT | |

**C.    PLAINTIFF DOES NOT EXPECT TO OFFER THE FOLLOWING EXHIBITS BUT RESERVES THE RIGHT TO OFFER THEM IF NECESSARY AT TRIAL**

| Exhibit # | Description | Objections |
|---|---|---|
| 95 | [CBP_0010575] 01.03.2019 Email from J. Ross re: SD Caravan Working Group | FRE 401 – Relevance |
| 96 | [ICE_0002120-25] 12.17.2018 Email from E. Torregrosa re: Migrant Caravan Coordinator | FRE 401 – Relevance |
| 97 | [ICE_00002138-39] 12.07.2018 Email from L. Disenso re: Renewed Requests for CI Information/Intel on Incoming Migrant Caravan | |
| 98 | [CBP00005927-29] 12.12.2018 Email from K. Brown re: Renewed Requests for CI Information/Intel on Incoming Migrant Caravan | FRE 401 – Relevance |
| 99 | [ICE_0002057-58] 12.19.2019 Email from L. Robinson re: Pastor Dousa | |

| 100 | [ICE-0001970-72] 12.19.2018 Email from P. Barry re: Pastor Dousa | |
| 101 | [ICE_0001871-77] 01.15.2019 Email from D. Tucker re: Caravan Information | FRE 401 – Relevance |
| 102 | [ICE_0002384-88] 01.19.2019 Email from K. Johnson re: Mujica | FRE 401 – Relevance |
| 103 | [ICE_0002331-36] 12.17.2018 Email from V. Garcia re: Migrant Caravan Organizers with attachments | FRE 401 – Relevance<br>FRE 403 – Trial time not justified by marginal relevance, if any |
| 104 | [WP00000073-74] 01.10.2019 Email from SND-Comms, HSI re: Situational Awareness - Protests | FRE 401 – Relevance |

**D.    DEFENDANTS DO NOT EXPECT TO OFFER THE FOLLOWING EXHIBITS BUT RESERVE THE RIGHT TO OFFER THEM IF NECESSARY AT TRIAL**

| Exhibit # | Description | Objections |
|---|---|---|
| 544 | [DOUSA00015 - 00018] 9.21.2019 New Sanctuary Coalition Board Meeting Minutes | |
| 547 | [DOUSA00055 - 00060] 1.17.2018 New Sanctuary Coalition Board Meeting Minutes | |
| 550 | [DOUSA00132 - 00140] Jericho Walk Flyer | |
| 551 | [DOUSA00143 - 00144] 2.8.2018 New Sanctuary Coalition Board Meeting Minutes | |
| 552 | [DOUSA00147 - 00148] 3.10.2018 Dousa Email re Talking Points for Joy Reid Show | |
| 564 | [DOUSA00887 - 00891] 1.17.2019 New Sanctuary Coalition Board Meeting Minutes | |

| 570 | [DOUSA01576] Photo of Tijuana Location | |
| 571 | [DOUSA01577] Photo of Dousa at Enclave Caracol | |

## IV.    FACTS STIPULATED BY ALL PARTIES

PLAINTIFF KAJI DOUSA

1.    Plaintiff Pastor Kaji Dousa is a U.S. Citizen and Senior Pastor at Park Avenue Christian Church in New York City.

2.    Pastor Dousa was the co-chair of the New Sanctuary Coalition ("New Sanctuary"), a faith-based network of congregations, organizations, and individuals devoted to immigrant rights.

3.    Pastor Dousa participates in and is involved in organizing protests, rallies, and prayer vigils, including ones that advocate for immigrants' rights.

4.    Pastor Dousa makes television and media appearances in which she discusses immigration issues, and meets with local, state, and federal political representatives to discuss public policy and legislative issues related to immigration.

THE MIGRANT CARAVAN AND OPERATION SECURE LINE

5.    In late 2018 and early 2019, a large migration of individuals, primarily from Central America, arrived at the U.S.-Mexico border.

6.    This "Migrant Caravan" included thousands of individuals seeking to enter the United States, including many seeking asylum in the United States.

7.    Around this time, U.S. Customs and Border Patrol ("CBP") began gathering information on individuals associated with the migrant caravan.

8.      In response to the Migrant Caravan, CBP implemented an operational plan known as "Operation Secure Line."

THE TRUSTED TRAVELER PROGRAMS

1.      CBP Trusted Traveler programs ("TTPs") allow travelers cross U.S. international borders in an expedited fashion.

2.      TTPs are "risk-based programs to facilitate the entry of pre-approved travelers. All applicants are vetted to ensure that they meet the qualifications for the program to which they are applying."   https://ttp.dhs.gov/.

3.      One TTP is Secure Electronic Network for Travelers Rapid Inspection, or "SENTRI," which provides expedited entry into the United States from Canada and Mexico by land.

4.      Another TTP is Global Entry, which provides expedited entry into the United States from other countries by land or by air.

5.      Membership in Global Entry includes all of the same expedited border-crossing privileges that come with membership in SENTRI, plus additional privileges as well.

6.      The CBP officials deposed in this case often use the terms "SENTRI" and "Global Entry" interchangeably.

7.      Plaintiff applied for and received a membership in Global Entry in 2016.

THE SANCTUARY CARAVAN

8.      In late 2018, Pastor Dousa, through New Sanctuary, was involved in organizing a "Sanctuary Caravan" of faith leaders, congregants, and humanitarian workers to Tijuana to provide pastoral services and support to migrants in the Migrant Caravan.

9.      In addition to providing services, Sanctuary Caravan members coordinated with legal organizations working with migrants applying for asylum.

10.     Before Pastor Dousa departed for Tijuana, Nicole Ramos—an attorney with Al Otro Lado, an organization that provides support for migrants and asylum seekers—asked Pastor Dousa if members of the Sanctuary Caravan could perform religious marriage ceremonies for migrants in the caravan. Pastor Dousa agreed.

11.     On November 27 and 28, 2018, Pastor Dousa, along with other clergy, performed approximately 17 religious marriage ceremonies for migrants in Tijuana.

12.     On November 27 and again on November 28, 2018, Pastor Dousa crossed the border into the United States from Mexico at the San Ysidro Port of Entry using her Global Entry membership.

PLAINTIFF'S JANUARY 2, 2019 BORDER CROSSING

13.     On January 2, 2019, after having returned to Tijuana, Pastor Dousa crossed the border into the United states from Mexico at the San Ysidro Port of Entry, but was not able to use her Global Entry membership to cross in an expedited fashion, and instead was referred to secondary inspection.

14.     In secondary inspection, Pastor Dousa was detained and interviewed by two members of CBP's Tactical Terrorism Response Team regarding her ministry to members of the migrant caravan.

15.     The CBP agents who interviewed Pastor Dousa in secondary inspection did not ask any questions about any marriage ceremonies Pastor Dousa performed.

THE "SUSPECTED ORGANIZERS, CORRDINATORS, INSTIGATORS, AND MEDIA" LIST

16.    On January 9, 2019, CBP officials in the Foreign Operations Branch of the San Diego Sector of the Border Patrol created a PowerPoint presentation entitled "Migrant Caravan FY-2019: Suspected Organizers, Coordinators, Instigators, and Media."

17.    The PowerPoint presentation includes pictures of dozens of individuals associated with the migrant caravan.

18.    The PowerPoint presentation includes a picture of Pastor Dousa's face with a yellow "X" over it.  Below Pastor Dousa's picture, the presentation lists Pastor Dousa's name, date of birth, and country of citizenship.  The presentation also states: "Role: Associate," "Alert Placed: Yes," and "Disposition: SENTRI Revoked."

19.    On March 6, 2019, NBC 7 in San Diego published an article a copy of the PowerPoint presentation that had been leaked by a whistleblower.

## V.   **DEPOSITION TRANSCRIPTS**

### A.   PLAINTIFF INTENDS TO OFFER THE FOLLOWING DEPOSITION DESIGNATIONS

#### 1.   Deposition of Jeremy Lamont Burnett

| Start Page: Line | End Page: Line | Objections[4] | Counter-Designations | Objections to Counter-Designations[5] |
|---|---|---|---|---|
| 7:10 | 7:12 | | | |
| 16:5 | 16:20 | | | |
| 17:9 | 17:15 | | | |
| 18:12 | 20:4 | Relevance (FRE 401) | | |
| 20:19 | 21:13 | | | |
| 22:16 | 22:23 | | | |
| 23:2 | 24:8 | | | |
| 25:18 | 27:1 | | | |
| 27:17 | 28:25 | 28:15-25 – Relevance (FRE 401); Lacks Foundation (FRE 602) | | |
| 30:15 | 32:15 | Relevance (FRE 401); Lacks Foundation (FRE 602) | | |
| 33:6 | 34:14 | Relevance (FRE 401); Lacks Foundation (FRE 602) | | |
| 34:20 | 35:5 | | | |

---

[4] Defendants object to the use at trial of deposition excerpts designated as "Confidential" or "Confidential - For Counsel Only" under the Protective Order (ECF No. 51) unless appropriate measures are taken to protect the information from public disclosure. Of particular concern is testimony related to the training, duties and identities of the officers on the Tactical Terrorism Response Team ("TTRT") and Joint Terrorism Task Force ("JTTF"). Defendants also object to the disclosure of any Personal Identifying Information inadvertently omitted from coverage under the Protective Order.

[5] The parties have agreed to reserve all objections to counter-designations.

| | | | | |
|---|---|---|---|---|
| 35:15 | 39:25 | 38:4-13 – Relevance (FRE 401) 39:20-25 – Relevance (FRE 401); Lacks Foundation (FRE 602); Unintelligible (FRE 611) | | |
| 40:4 | 40:9 | Lacks Foundation (FRE 602); Unintelligible (FRE 611) | | |
| 40:18 | 43:25 | | | |
| 44:14 | 45:15 | | | |
| 46:17 | 47:8 | 46:23-47:8 – Relevance (FRE 401); Vague (FRE 611) | | |
| 48:18 | 49:6 | | | |
| 49:17 | 51:13 | 49:17-50:3 – Relevance (FRE 401) 50:20-51:13 – Lacks Foundation (FRE 602); Hearsay (801) | | |
| 52:12 | 54:5 | 53:16-54:5 - Relevance (FRE 401); Lacks Foundation (FRE 602); Unintelligible (FRE 611) | | |
| 54:13 | 55:15 | | | |
| 57:20 | 59:4 | Relevance (FRE 401); Lacks Foundation (FRE 602); Hearsay (801); Unintelligible (FRE 611) | | |
| 62:20 | 63:17 | Relevance (FRE 401); Lacks Foundation (FRE 602); Hearsay (801); Unintelligible (FRE 611) | | |

| 69:10 | 70:25 | | | |
|---|---|---|---|---|
| 74:4 | 75:2 | | | |
| 75:11 | 77:18 | 77:5-18 - Relevance (FRE 401); Vague (FRE 611) | | |
| 80:1 | 80:19 | | | |

**2.** Deposition of Lea DiSenso

| Start Page: Line | End Page: Line | Objections | Counter-Designations | Objections to Counter-Designations |
|---|---|---|---|---|
| 7:7 | 7:15 | | | |
| 12:22 | 13:7 | | | |
| 15:18 | 19:5 | 15:18 – 17:22 - Relevance (FRE 401) | | |
| 21:25 | 23:12 | 21:25 – 23:12 - Relevance (FRE 401) | | |
| 27:13 | 29:24 | 27:13 – 28:9 - Relevance (FRE 401) | | |
| 33:4 | 35:4 | | 35:5 – 35:7 | |
| 36:6 | 39:25 | | | |
| 40:5 | 40:25 | | | |
| 41:15 | 43:4 | | | |
| 48:6 | 49:10 | Relevance (FRE 401) | | |
| 49:19 | 49:23 | Relevance (FRE 401) | 49:11 – 49:18 | |
| 58:21 | 61:16 | 58:21 – 59:17 - Relevance (FRE 401) | | |
| 68:21 | 71:7 | 69:4-16 - Legal Conclusion/Improper Opinion – (FRE 701) | | |
| 80:5 | 80:25 | | | |
| 81:9 | 82:25 | | | |
| 84:11 | 84:25 | | | |
| 85:21 | 85:25 | | | |
| 86:3 | 86:14 | | | |

28

| | | | | |
|---|---|---|---|---|
| 88:18 | 90:7 | | | |
| 90:25 | 96:1 | 92:17 – 93:9; 95:14 – 95:22 – Lacks Foundation/Speculation (FRE 602); Vague (FRE 611) | | |
| 96:9 | 100:3 | 98:16 – 99:10 – Lacks Foundation/Incomplete Hypothetical (FRE 602) | | |
| 101:20 | 101:21 | | | |
| 101:25 | 103:16 | | | |
| 103:18 | 107:17 | Relevance (FRE 401) | | |
| 107:23 | 108:8 | Relevance (FRE 401) | | |
| 108:19 | 109:2 | Relevance (FRE 401) | | |
| 110:19 | 113:22 | Relevance (FRE 401) | | |
| 114:22 | 117:25 | | | |
| 118:3 | 118:25 | | | |
| 119:2 | 119:19 | 119:4 – 119:16 -Lacks Foundation/Speculation (FRE 602) | | |
| 121:3 | 121:25 | Relevance (FRE 401); Asked and Answered (FRE 611) | | |
| 124:18 | 125:9 | Lacks Foundation/Speculation (FRE 602) | | |
| 126:24 | 127:25 | 127:14 – 127:22 – Improper Opinion/Legal Conclusion (FRE 701); Vague (FRE 611) | | |
| 132:17 | 132:20 | | | |
| 133:2 | 133:8 | | | |
| 150:9 | 152:23 | 150:9 – 151:9; 151:22 – 152:15 - Relevance (FRE 401) | | |

| 154:6 | 157:3 | 154:6 – 154:20 – Relevance (FRE 401); 155:5 – 157:3 – Improper Opinion/Legal Conclusion (FRE 701); Relevance (FRE 401) | | |
| 159:7 | 160:23 | 160:1 – 160:7 – Improper Opinion/Legal Conclusion (FRE 701); Relevance (FRE 401) | | |
| 161:16 | 162:14 | | | |
| 164:16 | 165:1 | | | |
| 170:7 | 170:21 | | | |

### 3.    Deposition of Allen Tamayo[6]

| Start Page: Line | End Page: Line | Objections | Counter-Designations | Objections to Counter-Designations |
|---|---|---|---|---|
| 6:8 | 6:10 | | | |
| 12:12 | 13:3 | | | |
| 14:3 | 14:5 | | | |
| 14:20 | 14:23 | | | |
| 15:20 | 16:22 | | | |
| 17:17 | 18:3 | | | |
| 18:12 | 19:25 | No objection if extended to 20:1 | | |
| 20:14 | 20:17 | Relevance (FRE 401) | | |
| 21:1 | 22:3 | | | |
| 24:21 | 25:10 | Relevance (FRE 401); Lacks Foundation (FRE 602) | | |

---

[6] The parties have agreed to submit deposition designations for Mr. Tamayo, in lieu of live testimony at trial, without regard to his proximity to the trial site.

| 26:17 | 27:15 | 26:17-23 – Vague (FRE 611); Lacks Foundation (FRE 602) | | |
| 27:24 | 31:12 | 30:21-31:12 – Relevance (FRE 401); Lacks Foundation (FRE 602); Hearsay (FRE 801) | | |
| 31:17 | 31:18 | Relevance (FRE 401) | | |
| 32:22 | 34:25 | Lacks Foundation (FRE 602); Hearsay (FRE 801) | | |
| 35:7 | 35:12 | | | |
| 35:17 | 36:12 | Lacks Foundation (FRE 602) | | |
| 40:18 | 41:24 | Relevance (FRE 401); Hearsay (FRE 801) | | |
| 42:19 | 43:14 | | | |
| 43:20 | 45:25 | | | |
| 46:5 | 46:25 | 45:24-25 - Relevance (FRE 401); Lacks Foundation (FRE 602); Unintelligible (FRE 611) | | |
| 48:9 | 50:5 | | | |
| 50:7 | 50:18 | Hearsay (FRE 801) | | |
| 53:13 | 53:23 | | | |
| 55:3 | 55:8 | | | |
| 55:10 | 55:20 | 55:3-5 - Relevance (FRE 401); Unintelligible (FRE 611) | | |
| 58:6 | 59:7 | 55:10-16 - Relevance (FRE 401); Unintelligible (FRE 611) | | |
| 59:13 | 60:19 | | | |

| Start Page: Line | End Page: Line | Objections | Counter-Designations | Objections to Counter-Designations |
|---|---|---|---|---|
| 73:5 | 73:25 | 59:13-22 - Relevance (FRE 401); Lacks Foundation (FRE 602) | | |
| 74:8 | 76:11 | Relevance (FRE 401); Lacks Foundation (FRE 602); Hearsay (FRE 801) | | |

**4.** Deposition of Nathaniel Trueblood

| Start Page: Line | End Page: Line | Objections | Counter-Designations | Objections to Counter-Designations |
|---|---|---|---|---|
| 5:17 | 5:19 | Witness will be available to testify (FRCP 32(b)) | | |
| 10:5 | 10:25 | " | | |
| 12:1 | 12:25 | " | | |
| 14:14 | 14:21 | " | | |
| 15:12 | 15:18 | " | | |
| 16:10 | 18:25 | " | | |
| 19:18 | 22:2 | " | | |
| 22:10 | 23:25 | " | | |
| 24:8 | 27:20 | " | | |
| 27:22 | 28:8 | " | | |
| 28:15 | 30:4 | " | | |
| 31:21 | 32:17 | " | | |
| 32:25 | 35:9 | " | | |
| 38:14 | 40:23 | " | | |
| 41:20 | 42:12 | " | | |
| 44:3 | 46:4 | " | | |
| 46:6 | 46:12 | " | | |
| 46:17 | 47:7 | " | | |
| 51:18 | 54:25 | " | | |
| 55:2 | 57:21 | " | | |
| 58:13 | 79:25 | " | | |

| 80:2 | 83:11 | " | | |
|------|-------|---|---|---|
| 83:21 | 83:25 | " | | |
| 84:4 | 86:20 | " | | |
| 87:6 | 87:13 | " | | |
| 88:3 | 89:2 | " | | |
| 89:23 | 92:22 | " | | |
| 93:10 | 93:13 | " | | |
| 93:22 | 103:4 | " | | |
| 103:13 | 107:11 | " | | |
| 108:6 | 112:25 | " | | |
| 114:1 | 129:2 | " | | |
| 129:19 | 129:25 | " | | |
| 130:13 | 136:1 | " | | |
| 136:9 | 142:10 | " | | |
| 147:20 | 150:25 | " | | |
| 151:11 | 154:25 | " | | |
| 160:15 | 160:22 | " | | |
| 162:12 | 165:6 | " | | |
| 165:16 | 168:13 | " | | |
| 168:18 | 170:9 | " | | |
| 171:21 | 173:21 | " | | |
| 174:14 | 176:25 | " | | |
| 177:13 | 177:23 | " | | |
| 178:23 | 180:10 | " | | |
| 182:18 | 182:25 | " | | |

### 5.  Deposition of Juan Rodriguez

| Start Page: Line | End Page: Line | Objections | Counter-Designations | Objections to Counter-Designations |
|------------------|----------------|------------|----------------------|------------------------------------|
| 6:12 | 6:17 | Witness will be available to testify (FRCP 32(b)) | | |
| 13:2 | 13:21 | " | | |
| 16:9 | 16:11 | " | | |
| 16:17 | 16:19 | " | | |

| 17:1 | 17:15 | " | | |
|------|-------|---|---|---|
| 18:17 | 18:21 | " | | |
| 22:23 | 23:23 | " | | |
| 30:9 | 31:3 | " | | |
| 36:3 | 36:25 | " | | |
| 41:10 | 42:21 | " | | |
| 43:3 | 44:25 | " | | |
| 45:2 | 45:8 | " | | |
| 45:22 | 46:24 | " | | |
| 47:1 | 48:7 | " | | |
| 48:9 | 48:9 | " | | |
| 48:13 | 48:19 | " | | |
| 48:24 | 48:25 | " | | |
| 50:1 | 50:14 | " | | |
| 50:20 | 55:5 | " | | |
| 55:25 | 58:5 | " | | |
| 58:19 | 59:10 | " | | |
| 60:22 | 61:23 | " | | |
| 62:20 | 62:24 | " | | |
| 63:1 | 63:14 | " | | |
| 66:5 | 66:14 | " | | |
| 66:25 | 67:2 | " | | |
| 67:6 | 67:8 | " | | |
| 67:11 | 67:14 | " | | |
| 68:22 | 69:7 | " | | |
| 69:9 | 70:1 | " | | |
| 70:16 | 71:12 | " | | |
| 72:4 | 72:18 | " | | |
| 72:25 | 72:25 | " | | |
| 73:7 | 73:23 | " | | |
| 74:18 | 74:25 | " | | |
| 75:2 | 75:3 | " | | |
| 75:7 | 75:24 | " | | |
| 79:3 | 79:25 | " | | |
| 80:2 | 85:11 | " | | |
| 87:14 | 88:12 | " | | |

| | | | | |
|---|---|---|---|---|
| 88:17 | 88:23 | " | | |
| 89:5 | 89:21 | " | | |
| 89:23 | 92:9 | " | | |
| 93:8 | 94:24 | " | | |
| 95:2 | 95:2 | " | | |
| 98:21 | 100:10 | " | | |
| 103:3 | 103:9 | " | | |
| 103:19 | 103:21 | " | | |
| 105:14 | 106:20 | " | | |
| 107:1 | 107:5 | " | | |
| 109:17 | 110:22 | " | | |
| 112:8 | 112:25 | " | | |
| 113:3 | 113:14 | " | | |
| 115:1 | 116:9 | " | | |
| 117:17 | 117:17 | " | | |
| 117:21 | 118:3 | " | | |
| 118:6 | 118:23 | " | | |
| 124:1 | 124:24 | " | | |
| 125:1 | 125:11 | " | | |
| 126:13 | 126:23 | " | | |
| 127:4 | 127:8 | " | | |
| 127:10 | 127:10 | " | | |
| 127:16 | 127:17 | " | | |
| 132:4 | 133:24 | " | | |
| 134:9 | 135:2 | " | | |
| 135:14 | 137:19 | " | | |
| 138:12 | 138:24 | " | | |
| 139:8 | 140:2 | " | | |
| 140:21 | 141:5 | " | | |
| 141:10 | 141:14 | " | | |
| 142:6 | 142:16 | " | | |
| 143:5 | 143:8 | " | | |
| 144:3 | 144:5 | " | | |
| 144:10 | 144:15 | " | | |
| 145:2 | 145:18 | " | | |
| 146:8 | 147:3 | " | | |

| 147:16 | 149:3 | " | | |
|---|---|---|---|---|
| 150:21 | 150:23 | " | | |
| 151:8 | 151:14 | " | | |
| 152:1 | 152:19 | " | | |
| 154:4 | 154:24 | " | | |
| 155:2 | 155:9 | " | | |
| 155:17 | 155:20 | " | | |
| 155:23 | 157:5 | " | | |
| 157:10 | 157:14 | " | | |
| 158:4 | 158:10 | " | | |
| 158:21 | 159:5 | " | | |
| 165:22 | 166:24 | " | | |
| 167:8 | 167:18 | " | | |
| 169:4 | 169:7 | " | | |
| 169:10 | 169:15 | " | | |
| 169:24 | 170:9 | " | | |
| 170:12 | 170:21 | " | | |
| 171:3 | 171:8 | " | | |
| 172:2 | 172:13 | " | | |
| 173:4 | 174:12 | " | | |
| 175:14 | 175:19 | " | | |
| 183:8 | 184:10 | " | | |
| 187:1 | 187:2 | " | | |
| 187:6 | 187:25 | " | | |
| 188:8 | 188:24 | " | | |
| 189:7 | 190:8 | " | | |
| 191:6 | 191:8 | " | | |
| 191:12 | 191:20 | " | | |
| 192:8 | 193:6 | " | | |
| 193:23 | 194:5 | " | | |
| 194:24 | 194:24 | " | | |
| 195:3 | 195:4 | " | | |
| 195:6 | 195:9 | " | | |
| 196:18 | 197:4 | " | | |
| 197:14 | 197:23 | " | | |
| 199:9 | 199:9 | " | | |

| 199:12 | 199:18 | " | | |
|--------|--------|---|---|---|
| 196:18 | 197:4 | " | | |
| 197:14 | 197:23 | " | | |
| 199:9 | 199:9 | " | | |
| 199:12 | 199:18 | " | | |
| 201:5 | 201:8 | " | | |
| 201:20 | 201:25 | " | | |
| 203:14 | 203:25 | " | | |
| 204:2 | 204:14 | " | | |
| 204:19 | 205:4 | " | | |
| 208:10 | 208:15 | " | | |
| 209:6 | 209:12 | " | | |
| 216:2 | 216:6 | " | | |

**B.**   DEFENDANTS INTEND TO OFFER THE FOLLOWING DEPOSITION DESIGNATIONS

**1.**   Deposition of Lea DiSenso

| Start Page: Line | End Page: Line | Objections | Counter-Designations | Objections to Counter-Designations[7] |
|------------------|----------------|-----------|----------------------|---------------------------------------|
| 7:7 | 7:9 | | | |
| 12:22 | 13:18 | | | |
| 15:2 | 15:8 | | | |
| 25:22 | 26:13 | | | |
| 33:5 | 33:19 | | | |
| 34:1 | 35:4 | | | |
| 35:19 | 36:5 | | | |
| 36:14 | 36:20 | | | |
| 37:19 | 39:15 | | | |
| 69:17 | 71:7 | | | |
| 151:3 | 151:9 | | | |

**2.**   Deposition of Scott Mechkowski

---

[7] The parties have agreed to reserve all objections to counter-designations.

| Start Page: Line | End Page: Line | Objections | Counter-Designations | Objections to Counter-Designations |
|---|---|---|---|---|
| 6:21 | 6:23 | | | |
| 11:23 | 16:19 | | | |
| 19:13 | 19:22 | | | |
| 20:6 | 20:13 | | | |
| 21:1 | 28:12 | | | |
| 28:25 | 36:20 | | | |
| 39:21 | 43:15 | | | |
| 44:20 | 46:5 | | | |
| 48:24 | 51:20 | | | |
| 54:15 | 55:8 | | | |
| 56:4 | 57:11 | | | |
| 57:20 | 59:19 | | | |
| 60:5 | 69:9 | | | |
| 72:3 | 72:25 | | | |
| 73:23 | 82:14 | | 73:22 | |
| 83:4 | 95:1 | | | |
| 95:15 | 98:24 | | | |
| 100:13 | 100:23 | | | |
| 102:3 | 105:12 | | | |
| 106:7 | 110:9 | | | |
| 110:10 | 115:6 | | | |
| 115:7 | 117:16 | | | |
| 130:5 | 135:7 | | | |
| 145:16 | 145:19 | | | |
| 147:17 | 149:3 | | | |
| 149:21 | 150:10 | | | |
| 151:6 | 152:14 | | | |
| 153:2 | 153:16 | | | |

**3.** Deposition of Alan Tamayo

| Start Page: Line | End Page: Line | Objections | Counter-Designations | Objections to Counter-Designations |
|---|---|---|---|---|

PRETRIAL ORDER

| 12:12 | 12:16 | | | |
|---|---|---|---|---|
| 19:1 | 20:1 | | | |
| 27:6 | 27:28 | 27:28 does not exist | | |
| 40:8 | 41:9 | | | |
| 45:10 | 45:23 | | | |
| 55:6 | 55:16 | | | |

**4.** Deposition of Jeremy Burnett

| Start Page: Line | End Page: Line | Objections | Counter-Designations | Objections to Counter-Designations |
|---|---|---|---|---|
| 16:5 | 16:9 | | | |
| 21:5 | 21:13 | | | |
| 25:18 | 26:13 | | 26:14-26:17 | |
| 35:15 | 36:21 | | | |
| 74:4 | 74:19 | | | |
| 79:22 | 80:19 | | 80:20-80:23 | |

## VI.    **TYPE OF TRIAL**

This case will be tried by the Court without a jury.

## VII.    **ESTIMATED TRIAL TIME**

The time estimated for trial is 4 days.

Dated:  August 26, 2022

Honorable Todd W. Robinson
United States District Judge